IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

06 AUG -3 PM 2: 54

CLERK-ALBUQUERQUE

TAYLOR MARCELL,

    Plaintiff,

vs.

PERVERTED JUSTICE.COM,
PHILLIP JOHN EIDE, aka
XAVIER VON ERK, and
JOHN DOES 1-60,

    Defendants,

CIV-06-0693 LCS

## CIVIL COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; DEFAMATION; INTERFERENCE WITH CONTRACTUAL RELATIONS; VIOLATION OF R.I.C.O.; VIOLATION OF THE NEW MEXICO FAIR PRACTICES ACT; AND PRIMA FACIE TORT AGAINST DEFENDANTS

COMES NOW, Taylor Marcell, by and through his undersigned attorney Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales, New Mexico, and for his Civil Complaint states:

### A. PARTIES

1. Plaintiff is a resident of Portales, Roosevelt County, New Mexico.

2. Perverted Justice. Com., is a unincorporated association, with its principal place of business in Portland, Oregon, and doing business within the State of New Mexico. Perverted Justice.Com. Supports volunteers who act as bait in chat rooms acting as underage individuals. Perverted Justice.Com posts names, addresses and photographs if available, along with the "chat log", that is a record of the conversation they had with the volunteer. In a process called "follow-up" additional volunteers on the site's forums operating under the parameters set by Perverted Justice. Contact the person's family, friends, neighbors, and employers alerting them to the web

1

site posting of the individual they believe to have engaged or attempted to engage in illicit activities with a minor.

3. Phillip John Eide, aka Xavier Von Erk, is upon information and belief a resident of Portland, Oregon and is the founder and director of Perverted Justice.com, and also lists himself as being Director of Operations for Perverted Justice.com.

4. John Does 1 through 60 are volunteers who have harassed Plaintiff through sending mass e-mails to his employer claiming he is a "wannabe pedophile". John Does 1 through 57 go by on line aliases: Almond Joy, Antipery, Auntie Anne, Beef the Troll, Belvedere, Big Mac, Capelli Dangelo, Captain Morgan, Carlos V, Chadra Chai, Cheyenne White, Cop 288, Count Chocula, Doctor Pepper, Don Pedro, Duncan Hines, E.L. Fudge, El Charro, Elena Ruth, Epiphany, Erich, Freddo Frog, General Tso, Ginger Snap, Gordon, Icarus, Irish Rose, Jay Alternative, Kit Kat, Lady Baltimore, Lucky, Maxwell House, Mickey Finn, Mimosa, Miss Scarlett, Molly Mc Butter, Monterey Jack, Noel Nog, Oscar Mayer, Papa John, Peppermint Patty, Pibb, Red Baroness, Rosanta, Samuel Adams, Saltine, Seth Roberts, Slim Jim, Summer Sangria, Sunny D, Susanna, Suzy Q, Teddy Graham, The Director, Tyrone, Van De Camp, and Wendy. The Assistant Director of Operations is listed as Frag Off, the Information First Coordinator is Del Harvey, and the Lead Tech is listed as Phoebus Apollo.

## B. JURISDICTION

5. The court has jurisdiction over the lawsuit pursuant to 18 U.S.C. § 1964 (c), 28 U.S.C.§ 1331, 1337 and 28 U.S.C. 1343 (a) (3).

## C. VENUE

6. Venue is proper in this district under 18 U.S.C. § 1965 (a) and 28 U.S.C. § 1391 (b); and 28

U.S.C. §1402 (b) because the acts and/or omissions complained of occurred in this district.

## D. FACTS

7. Marcell Taylor was employed by Eastern New Mexico University in Portales, New Mexico in the year 2005-06.

8. During the time Plaintiff was employed by E.N.M.U. Defendants sent mass e-mails to students, faculty and staff alleging that Plaintiff was a "wannabe pedophile."

9. These mass e-mails caused considerable distress to Plaintiff, due to gossip on campus, and ultimately lead to the non-renewal of his contract with E.N.M.U.

10. Defendants have posted defamatory statements on its web site claiming that Plaintiff is a "wannabe pedophile."

11. Defendants have been contacted and requested to remove the offending information from its web site, but such consent has been refused.

12. Defendants act as Prosecutor, Judge, and jury, in making determination as to whom it places and removes from its web site.

13. Plaintiff is not know or has he ever been diagnosed as a "pedophile", that is, having "intense sexually arousing fantasies, sexual urges, or behaviors involving sexual activity with a prepubescent child or children."[*Diagnostic and Statistical Manual of Mental Disorders* 4th ed. Pg. 528].

14. Defendants false accusations have caused Plaintiff to lose his employment, caused difficulty in gaining additional employment, and have otherwise humiliated, embarrassed, and destroyed Plaintiff's personal life and professional career.

### E. COUNT I- REQUEST FOR PRELIMINARY INJUNCTION

15. Plaintiff will suffer irreparable harm if Defendants are not enjoined during the pendency of this lawsuit from continuing to post on its web site claims that Plaintiff is a "wannabe pedophile" and mass e-mailing, employers, potential employers, neighbors, and others with claims that Plaintiff is a "wannabe pedophile."

16. There is a substantial likelihood that Plaintiff will prevail on the merits because he has not been nor has he ever been sexually aroused by prepubescent children.

17. The harm faced by Plaintiff outweighs the harm that would be sustained by the Defendants if the preliminary injunction were granted.

18. Issuance of a preliminary injunction would not adversely affect the public interest because Plaintiff is not and never has been a pedophile, and Defendants should not be allowed with impunity to continue their unlawful tactics.

19. Plaintiff si willing to post a bond in the amount the court deems appropriate.

20. Plaintiff asks the court to set his application for preliminary injunction for hearing at the earliest possible time, and after hearing the requests, issue a preliminary injunction against Defendants.

### F. COUNT II-REQUEST FOR PERMANENT INJUNCTION

21. Plaintiff asks the Court to set his application for injunctive relief for a full trial on the issues in this application, and, after the trial, to issue a permanent injunction against Defendants.

## G. COUNT III-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

COMES NOW, Plaintiff, by and through his undersigned attorney, and for Count III-Intentional Infliction of Emotional Distress states:

22. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

23. The Defendants have acted intentionally and/or recklessly in their activities stated above against the Plaintiff.

24. The emotional distress suffered by the Plaintiff is severe.

25. The Defendants conduct is extreme and outrageous.

26. The Defendants' conduct proximately caused the Plaintiff's emotional distress.

## H. COUNT IV-DEFAMATION

COMES NOW, Plaintiff, by and through his undersigned attorney, and for Count IV-Defamation states:

27. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

28. The Defendants have published statements that Plaintiff is a "wannabe pedophile" on its web site, and in mass e-mails to third parties.

29. These statements are false.

30. These statements are defamatory.

31. With regard to the truth of the statement the Defendants are acting with actual malice, negligently, and/or is liable without regard to fault (strict liability) because of the nature of the claims.

5

32. The Plaintiff suffered pecuniary injury.

## I. COUNT V-INTERFERENCE WITH CONTRACTUAL RELATIONS

COMES NOW, Plaintiff by and through his undersigned attorney and for Count V-Interference with Contractual Relations states:

33. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

34. The Defendants were aware of Plaintiff's contractual relationship with E.N.M.U.

35. The Defendants caused E.N.M.U. to refuse to renew Plaitiff's contract of employment.

36. As a result of the Defendants intentional, unprivileged, malicious and fraudulent actions, the Plaintiff's contract was not renewed effective July, 2006.

37. Plaintiff suffered economic damage as a result of the Defendants interference.

## J. COUNT VI- COMPLAINT FOR VIOLATION OF R.I.C.O

COMES NOW, Plaintiff by and through his undersigned attorney and for Count VI-Complaint for Violation of R.I.C.O., states:

38. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

39. Plaintiff alleges a violation of his rights under Title IX of the Organized Crime Control Act of 1970, as amended, 18 U.S.C. §§ 1961 et seq.

40. Defendants are an enterprise engaged in and the activities of which affect interstate commerce, to wit: an association with its principal place of business in Portland, Oregon, and it is engaged in the use of the Internet, telephone, and mails to further its enterprises.

41. Defendants are persons within the meaning of 18 U.S.C. § 1961 (3) and as persons employed

by and/or associated with said enterprise, conduct and participate directly, and indirectly, in the conduct of the affairs of said enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962 (c).

42. The two predicate acts which constitute this pattern of racketeering activity are:

   i. sending mass e-mails to faculty, staff, and students at Eastern New Mexico University accusing Plaintiff of among other things of being a "wannabe pedophile".

   ii. Posting information about Plaintiff on its Internet site and accusing Plaintiff of being a "wannabe pedophile."

   iii. encouraging their associates and the general public to report Plaintiff to his friends, neighbors, and employers and encouraging their associates and the general public to undertake other criminal acts against Plaintiff including using the mails to harass, criminal trespass, criminal damage to property, et cetera.

43. These acts of racketeering, occurred within ten years of one another, and constitute a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961 (5).

44. Plaintiff was injured in his business and/or property by reason of this violation of 18 U.S.C. § 1962, in that, as a direct and proximate result of Defendants complained of acts, Plaintiff suffered damages including but not limited to pain and suffering, and other and continuing damages.

45. By reason of the Defendants violation of 18 U.S.C. § 1962, Plaintiff is entitled, pursuant to 18 U.S.C. § 1964 (c), to threefold the damages sustained, with interest thereon, and reasonable attorney's fees in connection herewith.

J.

## COUNT VII-CLAIM FOR VIOLATION OF NEW MEXICO UNFAIR PRACTICES ACT

COMES NOW, Plaintiff by and through his undersigned attorney and for Count VII-Claim for Violation of New Mexico Unfair Practices Act states:

46. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

47. Defendants have engaged in "unfair or deceptive trade practices" and/or "unconscionable trade practice" within the meaning of the New Mexico Unfair Practices Act 57-12-2 D.

48. Plaintiff has been damaged by Defendants actions in violation of the New Mexico Unfair Practices Act and should be awarded three times his actual damages.

## K. COUNT VIII-CLAIM FOR PRIMA FACIE TORT

COMES NOW, Plaintiff by and through his undersigned attorney and for Count VIII- Claim for Prima Facie Tort states:

49. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

50. Although acting in an otherwise lawful manner, Defendants acted with intent to injure Plaintiff, and/ or acted with the certainty that its conduct would necessarily result in injury to Plaintiff.

51. Plaintiff was injured as a proximate result of Defendants conduct, including pain and suffering, loss of enjoyment of life, and other monetary and non-monetary damages that are continuous in nature.

52. Defendants acted without justification or without sufficient justification.

53. Defendants conduct was malicious, wilful, reckless, and/ or in bad faith.

## L. PRAYER

WHEREFORE, Plaintiff requests the following relief:

A. A preliminary injunction against Defendants prohibiting them from disseminating claims that Plaintiff is a "wannabe pedophile" or is otherwise a sexual predator by postings on the Internet, mass e-mails to employers, friends, or neighbors among others; or otherwise or by any other means making such suggestions.

B. A permanent injunction against Defendants prohibiting the above conduct.

C. An award of damages for Plaintiff's lost earnings and earnings capacity.

D. An award of damages for pain and suffering.

E. An award of damages for loss of enjoyment of life.

F. Attorneys fees as allowed by law.

G. Pre-judgment and post-judgment interest as allowed by law.

H. Costs of this law-suit as allowed by law.

I. Punitive damages as allowed by law.

J. For such further relief as the Court deems appropriate.

## M. JURY DEMAND

54. Plaintiff assets his rights under the Seventh Amendment to the United States Constitution, and demands, in accordance with the Federal Rules of Civil Procedure 38, a trial by jury on all fact issues in dispute between the parties.

Respectfully Submitted:

_____
Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A.
Portales, New Mexico, 88130
(505) 359-1233
Facsimile: (505) 356-4946
Attorney for Plaintiff

## VERIFICATION

STATE OF NEW MEXICO  )
                     ) ss.
COUNTY OF ROOSEVELT  )

On this day, Taylor Marcell appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said that he read the foregoing Complaint, and that the facts stated in it are within his personal knowledge and true and correct.

_____
TAYLOR MARCELL

Subscribed and sworn to before me this 1st day of August, 2006 by Taylor Marcell.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:
June 16, 2009