IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TAYLOR MARCELL,

        Plaintiff,

v.                                                CIV 06-0693 JC/KBM

PERVERTED JUSTICE.COM, et al.,

        Defendant.

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte*. Plaintiff filed this action more than one year ago on August 3, 2006. He filed a request and obtained from the Clerk of Court an entry of default in December of last year. *See Docs. 7-11*. Plaintiff also requested that the Clerk enter default judgment. *Doc. 7*. Rule 56(b)(1) of the Federal Rules of Civil Procedure, however, clearly provides that the Clerk only has authority to enter default judgment "[w]hen the plaintiff's claim against the defendant is for a sum certain or for a sum which can by computation be made certain." Such is not the case here where plaintiff seeks damages for pain and suffering and loss of enjoyment of life "that are continuous in nature." *Doc.1* at ¶ 52. Moreover, Plaintiff seeks injunctive relief in his Complaint including a permanent injunction. The motion for the Clerk to enter default judgment is therefore without merit and will be denied. Moreover, since the clerk's entry of default, Plaintiff has sought no further relief from this Court.

Back in November 2006, I denied Plaintiff's attempt to have the Court decide in advance the locations of where service of process of defendant could be accomplished by posting pursuant

to state rules.  *See Docs. 3 & 4.*  The purported "returns of service" now on file therefore appear suspect.  In his affidavit, Mr. Dixon as attorney for Plaintiff testifies that he mailed a copy of the complaint and summons to two addresses - one in Gresham, Oregon and one in Portland, Oregon.  *Doc. 9.*  This would constitute effective service unless the defendant consented to service by mail, however.  His process server's affidavit states that the pleadings were posted at the Gresham address when he received no response at the front door.  *Doc. 8.*  Yet Plaintiff has previously offered exhibits that result in grave doubt that Defendant Eide ever resided at that address.  *Doc. 3* at Exhs. 1-5.

The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency.  *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984).  One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also, e.g., United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 856 (10th Cir. 2005) ("We . . . dismiss the appeal *sua sponte* as to both Appellants for lack of prosecution as reflected by their failure to respond to our order requiring a timely status report to prevent dismissal. . . .  Dismissal of the appeal is a strong sanction to be sure, but it is no trifling matter for Appellants to abuse our office by disappearing and failing to meet our deadlines.  The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.").  Based on Plaintiff's lack of activity in this case, he will be required to show cause why this case should not be dismissed.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's motion requesting that the Clerk enter summary judgment against Defendant Phillip John Eide *(Doc. 7)* is denied.

IT IS FURTHER ORDERED that no later than August 20, 2007, Plaintiff shall file with the Court a response to this order showing cause why this case should not be dismissed.  Plaintiff is hereby notified that failure to respond to this Order may result in dismissal without further notice.

_____
UNITED STATES MAGISTRATE JUDGE